SAVOY, Judge.
This is a suit by plaintiff under the Workmen’s Compensation Act for total and permanent disability received as a result of an injury in the course and scope of his employment which allegedly occurred on July 15, 1960. Made defendant was the insurer of plaintiff’s employer. For a cause of action, plaintiff alleges that on July 15, 1960, while unloading some roofing material, he sustained a back injury.
Defendant admitted the injury, but stated that they had paid compensation and medical expenses incurred by plaintiff up to December 14, 1960; that on that date plaintiff had been discharged by his doctor as being able to go back to the work which he was doing before the injury occurred.
After a trial on the merits, the district judge, in a written opinion, held that on December 14, 1960, plaintiff had fully recovered from his accident of July 15, 1960, and he was not entitled to any additional compensation. From the judgment of the *821 district court, plaintiff has appealed to this Court.
There is no question as to the accident occurring on July IS, 1960. There is also no question as to the rate of pay to which plaintiff is entitled. The only question to be determined by this Court is whether the judgment of the district court, holding that plaintiff was able to go back to work and do the same type of work he was doing prior to the accident, was correct; or, whether the plaintiff should receive additional compensation because he was still disabled as of the time of the trial in the lower court.
There were five (5) medical experts who ■examined plaintiff; some on behalf of the plaintiff and some on behalf of the defendant.
Dr. B. Webb Smith, who practices general medicine and was the plaintiff’s family physician, first saw plaintiff in connection with the accident in this case on July 18, 1960. The plaintiff said that he hurt his back on July IS, 1960, as he attempted to lift some roofing shingles. Dr. Smith made a physical examination of plaintiff, and he was of the opinion that he had a lumbo-sacral sprain or strain. He saw plaintiff about twenty (20) times after the initial examination. Dr. Smith also referred the plaintiff to Dr. Paul M. Davis. The examinations of plaintiff by Dr. Smith in the last part of October and first part of November, 1960, indicated that pain which plaintiff complained of in the back was subsiding. Dr. Smith prescribed exercises for plaintiff to be taken twice each day. Plaintiff complained of pain after taking the exercises. Dr. Smith discharged plaintiff as able to go to work on December 15, 1960. Dr. Smith testified he had the benefit of the report of Dr. Davis at the time of his discharge.
Dr. Paul M. Davis is an orthopaedic surgeon. Plaintiff was referred to him by Dr. B. Webb Smith. He first examined the patient on August 25, 1960. Plaintiff was complaining of pain in his back. Dr. Davis made a physical examination of plaintiff and also took x-rays of the back, consisting of AP and lateral views of the lumbosacral spine. Dr. Davis concluded that plaintiff had suffered an acute back sprain which was subsiding. He found evidence of muscle spasm and recommended treatment for plaintiff. Dr. Davis felt that with physical therapy the back condition would clear up quickly. He saw the plaintiff again on January 24, 1961. The plaintiff was complaining of soreness to the left side of his back. The plaintiff stated that if he sat or rode in a car his condition was aggravated; that he had been discharged by Dr. Smith and had not seen any doctor since that time. Dr. Davis could find nothing wrong with plaintiff on the examination of January 24, 1961. He felt that the plaintiff had no residual disability, and had fully recovered from the July 15, 1960, accident.
Dr. Philip H. Bonn is a neurosurgeon. He examined plaintiff on April 11, 1961, at the request of plaintiff. He made a physical examination of plaintiff, and also had the lumbosacral spine x-rayed. He found no evidence of nerve root compression and was of the opinion that plaintiff had suffered a lumbosacral sprain or strain, involving not only the muscles, but also the joints. The doctor did not think plaintiff could do heavy manual work at the time of the examination.
Dr. Daniel Kingsley is an orthopaedic surgeon. He examined plaintiff on behalf of defendant on May 16, 1961. Dr. Kings-ley made a physical examination of the patient and also made x-rays of the lumbo-sacral spine. Dr. Kingsley was of the opinion that plaintiff was not disabled and should go back to work.
Dr. Heinz K. Faludi is a neurosurgeon who examined plaintiff on June 3, 1961, at plaintiff’s request. He stated that he made a physical examination of the patient and also made x-rays of the back. The doctor noted that the patient had bilateral lumbar muscle spasms in the paravertebral region. *822 He found plaintiff had a low pain threshold, inasmuch as even the slightest stimulus was described by him as painful. Because of the low pain threshold, the signs of tenderness by plaintiff could not be considered particularly reliable. The pain complained of by plaintiff in the lumbosacral area seemed more genuine and the response by plaintiff in that region seemed more reliable. The doctor was of the opinion that plaintiff had suffered a lumbosacral sprain. He recommended that plaintiff tone up his back muscles by doing light work for a period ranging from several weeks to two (2) months.
After reviewing the medical testimony, all of the medical experts are of the opinion that plaintiff has suffered a lumbosacral sprain; that he suffered no bone injury; nor did any of the doctors find any nerve root compression. The two (2) doctors who opined that the plaintiff was still disabled stated that their opinion was largely based on subjective symptoms, and one of them testified that the plaintiff exaggerated his complaints and that his disability, if any, was minor and could be cleared up within from two (2) weeks to two (2) months. The lay testimony also shows that the plaintiff had driven a pulpwood truck for at least three weeks ending one (1) or two (2) weeks before the trial. The evidence further shows that the plaintiff did not claim residual disabiltiy until his request to return to work following his discharge by the attending physician was refused by his employer.
Considering all these circumstances, as well as the testimony of the three (3) doctors who did not find the plaintiff disabled (and giving proportionate weight to the testimony of the attending physician, who saw the plaintiff many times, compared to the specialists who examined him only once in connection with this litigation), we do not find error in the trial court finding that the plaintiff has not borne his burden of proving any disability beyond December 14, 1960, when he was discharged by his attending physician as able to return to the same type of work he was doing before the accident.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiff to pay all costs of this appeal.
Judgment affirmed.